IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LINDA FOLLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   08-3056 |
| | ) | |
| MEMORIAL MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE 1 - 6

COMES NOW Defendant, MEMORIAL MEDICAL CENTER ("Defendant"), by its attorneys, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., John A. Kauerauf, of counsel, and submits this Memorandum of Law in support of its Motions *in limine*, for the entry of an Order prohibiting Plaintiff, Plaintiff's counsel and Plaintiff's witnesses from commenting upon, eliciting testimony concerning, questioning, remarking, arguing or in any way directly or indirectly placing into evidence or before the jury, any reference or allusion as to the following matters:

### Motion *in Limine* 1:  Insurance

The existence of any insurance available to the Defendant to satisfy all or part of any judgment that may be entered in this action or to indemnify or reimburse them for payments made to satisfy the judgment has no bearing on the issue of liability, is inadmissible under Fed. R. Evid. 411, and would be prejudicial to the Defendant under Fed. R. Evid. 403. Accordingly, Defendant requests the Court enter an order barring testimony or evidence referring to Defendant's insured status.

### Motion *in Limine* 2: Financial Status

The relative wealth, poverty, power or weakness of the parties is irrelevant and inadmissible under Fed. R. Evid. 401 and 402 and would have a prejudicial effect on the Defendant. *Van Brumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826 (7th Cir. 2005); *Adams Laboratories, Inc. v. Jacobs Engineering Co., Inc.*, 761 F.2d 1218, 1226 (7th Cir. 1985) (references to size and wealth of parties is improper). Accordingly, Defendant requests the Court enter an order barring testimony or evidence referring to either party's financial status.

### Motion *in Limine* 3: Golden Rule Jury Verdict

Any argument or suggestion that the jury put itself in the position of the Plaintiff or that any recovery in this case be based on what the jury would want for themselves in circumstances similar to this case improperly encourages the jury to return a verdict based on vicarious self-interest. *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). Accordingly, Defendant requests the Court enter an order barring any effort by the Plaintiff or Plaintiff's counsel to induce the jury to render a verdict in a manner inconsistent with its role as a neutral fact-finder.

### Motion *in Limine* 4: Previously Adjudicated Claims

All claims previously dismissed or upon which final judgment has been entered herein and not reversed have been resolved, and should not be re-litigated. "Once a district court issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling by forebearing from introducing any evidence or cross-examining witnesses

in regard to those claims at trial." *Alberty-Velez v. Corporacion De Puerto Rico Para la Difusion Publica*, 242 F.3d 418, 424 (1st Cir. 2001), quoting *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (2nd Cir. 1989). Moreover, evidence regarding the dismissed claims is irrelevant and inadmissible under Fed. R. Evid. 401 and 402. Accordingly, Defendant requests the Court enter an order barring testimony or evidence referring to any of Plaintiff's claims this court has previously entered which have not been reversed by an appellate court.

### Motion *in Limine* 5: Veracity of Witnesses

Witness testimony, comments or assessment of the veracity, believability or credibility of any other witnesses in the case except as authorized by Fed. R. Evid. 608 should be prohibited. Witnesses should not be placed in a position of suggesting that another witness is lying, in that such a circumstance invades the province of the jury. It is the jury's responsibility to evaluate the credibility of witnesses. *Schultz v. Thomas*, 832 F.2d 108, 110 (7th Cir. 1988). Accordingly, Defendant requests the Court enter an order barring Plaintiff or Plaintiff's counsel from directing, encouraging, eliciting or inducing witnesses to opine on the veracity of the testimony of other witnesses. Any such testimony is irrelevant and inadmissible, and violates Fed. R. Evid. 401 and 402.

### Motion *in Limine* 6: Matters Subsequent to April 28, 2007

*Facts*

Testimony, evidence or comments regarding any actions, circumstances or alleged damages occurring after April 28, 2007 should be prohibited. On April 28, 2007, Plaintiff was granted social security disability benefits. (See Follis 04/17/09 Dep. p. 59, a copy of the relevant portions of which are attached hereto). Plaintiff's own testimony is that since that time, she has

been completely unable to work, could not perform the essential functions of her job if reinstated, and has not sought employment. (See Follis 04/17/09 Dep. pp. 63-66). This position is supported by the medical opinion of Dr. Koteswara Narla. Dr. Narla is a neurologist and one of Plaintiff's treating physicians. On February 4, 2007, Dr. Narla signed a Neurology Note (attached as Defendant's Deposition Exhibit No. 4, which the parties have, in the Final Pre-Trial Order, stipulated as the testimony Dr. Narla would give if called to testify in this matter). Under the "Management/Plan" section of his note, Dr. Narla stated:

> Unfortunately this pleasant lady has tried her level best to get back to work and function, which has really made her symptomatology much worse. I do not think she will be in a position to work continuously any longer. I would strongly support her in any disability claim.

There remains no genuine issue of material fact; Plaintiff was completely disabled and unable to work even with accommodation by the time she was awarded social security benefits on April 28, 2007.

*Argument*

The Seventh Circuit has definitively held that a plaintiff pursuing an FMLA claim "may not collect damages for periods of time in which he otherwise would have been unable to work for the company." *Franzen v. Ellis Corporation*, 543 F.3d 420, 426 (7th Cir. 2008). In *Franzen*, the plaintiff was injured in an automobile accident. He was provided with the necessary paperwork to receive FMLA leave from his employer, but he did not complete it. He was subsequently terminated for absenteeism. He filed suit under FMLA, but refused to return to work or seek other employment. He ultimately sought and received social security disability benefits. His sworn testimony was the he "could not have worked in any job in the universe" and could not work if reinstated to his previous job. *Franzen* at 427. At trial, the jury found

liability on the FMLA count, but the court awarded no damages. The Seventh Circuit affirmed, holding that an employee "has no right to reinstatement – and, therefore, damages – if, at the end of his twelve-week period of leave, he is either unable or unwilling to perform the essential functions of his job." *Franzen* at 426.

The court's holding in *Franzen* is based on the principle that front pay is intended to make a plaintiff whole. Such holdings are common in FMLA cases. For example, in *Arban v. West Publishing Group*, 345 F.3d 390 (6th Cir. 2003), the Sixth Circuit, when faced with whether an award of front pay was appropriate, held:

> No per se rule governs the appropriateness of front pay damages in a particular case…Ultimately the question to be answered is whether front pay damages are needed in a particular case to make the plaintiff whole. Several factors must be considered when determining the propriety of an award of front pay, including an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be reemployed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards.

*Arban* at 406.

Similarly, the 10th Circuit, in *Smith v. Diffee Ford-Lincoln-Mercury, Inc*, 298 F.3d 955, 964 (10th Cir. 2002) held "while back pay…compensates the victim of discrimination for lost wages and benefits before trial, front pay is intended to compensate her for her losses after trial."

In the 4th Circuit in *Yashenko v. Harrah's NC Casino, LLC*, 446 F.3d 541 (4th Cir. 2006), a casino employee took FMLA leave following heart surgery. While the employee was out on leave, the casino restructured. The employee was given the opportunity to return to a different position. The employee refused, saying that his doctors recommended he not do so. The court concluded that if Yashenko was unwilling or unable to return to work, then he was subject to termination and therefore had no right to reinstatement. *Yashenko* at 547.

The court in *Yashenko* based its decision in part on the Department of Labor's administrative rules. Under 29 C.F.R. 825.216(C):

> If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition or an injury or illness also covered by workers' compensation, the employee has no right to restoration to another position under the FMLA. The employer's obligations may, however, be governed by the Americans with Disabilities Act (ADA), as amended. See § 825.702, state leave laws, or workers' compensation laws.[1]

As explained in the Federal Register at the time of adoption, this provision was meant to articulate that a right to reinstatement assumes the ability to work:

> Are there any limitations on an employer's obligation to reinstate an employee?...If the employee has been on a worker's compensation absence during which FMLA leave has been taken concurrently, and after 12 weeks of FMLA leave the employee is unable to return to work, the employee no longer has the protections of FMLA and must look to the worker's compensation statute or ADA for any relief or protections.

Federal Register, 60 FR 2180, 2254 (January 6, 1995).

The principle is elementary; the right to protection under FMLA is premised on a willingness and ability to work. FMLA is not a disability insurance policy that goes into effect if an employee happens to become disabled while eligible for or exercising FMLA leave. FMLA guarantees protection for those who leave for a covered purpose and are willing and able to return to work at the conclusion of that period.

Although the clearest application of this principle is the Seventh Circuit's controlling decision in *Franzen*, another explanation of the importance of the principle is found in *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991):

> While reinstatement...is the much preferred remedy, front pay may serve as a substitute or a complement. Because of the potential for windfall, however, its use must be tempered. It can be awarded to complement a deferred order of

---

[1] This provision was also the basis for the lower court's decision in *Franzen*. See *Franzen v. Ellis Corporation*, 2007 U.S. Dist. LEXIS 65093, 14, footnote 3 (N.D. Ill. 2007).

reinstatement or to bridge a time when the court concludes the plaintiff is reasonably likely to obtain other employment. If a plaintiff is close to retirement, front pay may be the only practical approach. The infinite variety of factual circumstances that can be anticipated do not render any remedy of front pay susceptible to legal standards for awarding damages. Its award, as an adjunct or an alternative to reinstatement, must rest in the discretion of the court in shaping the appropriate remedy.[2]

Finally, in *Breneisen v. Motorola*, U.S. Dist. LEXIS 99803, the Northern District of Illinois was faced with a similar question to that at issue here. In *Breneisen*, a number of motions *in limine* were before the court. One of those was to preclude any evidence of damages following the plaintiff's self-proclaimed permanent inability to work. The court, relying on *Franzen*, granted the motion finding that "back and front pay awards are not available under the FMLA in this case for any time period during which [the plaintiff] was unable to perform the functions of his previous job or one comparable…"

### *Cleveland v. Policy Management Systems Corp.*

During the course of this dispute, Plaintiff has long claimed that the controlling precedent on whether front pay may be recovered after disability is the U.S. Supreme Court's decision in *Cleveland v. Policy Management Systems*, 526 U.S. 795 (1999). In that case, the Supreme Court struck down previous holdings in several circuits that an individual receiving disability payments was presumptively (through judicial estoppel) unable to make an ADA claim as disability eligibility required that they be unable to perform the essential functions of their job.

The Court's decision was quite narrow: a formal presumption is inappropriate. The rationale was fairly straightforward. Eligibility for disability requires an inability to work; an ADA claim requires an inability to work in the absence of reasonable accommodation. Thus the

---

[2] Note that although *Duke* is an ADEA case, it has been held applicable to FMLA cases; see *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294 (4th Cir. 1998).

two statutes technically utilize two separate definitions of disability. As such it is theoretically possible that one could have a valid ADA claim and be disabled.

Notwithstanding this holding, however, the court also made clear that it was not dramatically changing the landscape:

> An ADA plaintiff cannot simply ignore her SSDI contention that she was too disabled to work. To survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim that she could "perform the essential functions" of her previous job, at least with "reasonable accommodation."

*Cleveland* at 797. The Supreme Court, and subsequently the Seventh Circuit, addressed the obvious definitional issue raised:

> To be sufficient, an explanation must warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless perform the essential functions of her job, with, or without reasonable accommodation.

*Butler v. Village of Round Lake Police Department*, 2009 U.S. App. LEXIS 23602, 6 (7th Cir. 2009).

In practice, the *Cleveland* case is often of relatively little importance, because in order to secure SSDI benefits, a plaintiff will usually claim to be "completely and totally disabled and cannot perform any substantial gainful employment." Such language as "totally disabled," "wholly unable to work," and the like should be taken at face value as the court "cannot permit litigants to adopt an alternate story each time it advantages them to change the facts." *Feldman v. American Memorial Life*, 196 F.3d 783, 791 (7th Cir. 1999).

*Cleveland* is totally irrelevant in this dispute. First, it is not an FMLA case, and it cannot be rationally applied to an FMLA case as the entire holding hinges on the term "reasonable accommodation" – a term specific to the ADA. Second, the plaintiff twice testified in her deposition that she is not able to work and would not – even if accommodated – be able to work

if reinstated; thus even if this was an ADA issue *Cleveland* would not apply. The issue the Supreme Court resolved in *Cleveland* is not present in this case.

### *McKnight v. General Motors*

Plaintiff has also argued that her physical condition makes reinstatement infeasible, thus she should be eligible for front pay but not be required to seek (and run the risk of receiving) reinstatement. This would allow her to recover front pay and damages without losing SSDI eligibility by becoming re-employed. However, Plaintiff again raises non-FMLA caselaw and ignores the binding Seventh Circuit precedent in *Franzen*.

The Seventh Circuit has allowed front pay in Title VII cases where reinstatement is infeasible:

> Title VII explicitly authorizes reinstatement as an equitable remedy; front pay is the functional equivalent of reinstatement because it is a substitute remedy that affords the plaintiff the same benefit (or as close an approximation as possible) as the plaintiff would have received had she been reinstated.

*Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998). However, the courts have defined infeasibility in terms of the relationships involved in the workplace. See *Bruso v. United Airlines*, 239 F.3d 848 (7th Cir. 2000) (Title VII; reinstatement may become particularly infeasible if the plaintiff would no longer enjoy the confidence and respect of his superiors once reinstated) and *Tomao v. Abbot Laboratories*, 2007 U.S. Dist. LEXIS 55820 (N.D. Ill. 2007) (reinstatement may be inappropriate where there is no position available or the employer-employee relationship is pervaded by hostility). There are no Seventh Circuit cases finding physical inability to perform the essential functions of the job as a circumstance in which reinstatement is infeasible and an employee is entitled to front pay. In fact, there are no Seventh Circuit FMLA cases involving the infeasibility theory at all.

*Conclusion*

Plaintiff has been unable to work and has not sought work since at least April 28, 2007; therefore, as a matter of law, she is not entitled to any damages arising after that date. She cannot be reinstated or mitigate her damages by working elsewhere because she is unable to work. She is being compensated for this reason by the general citizenry. To allow her to collect front pay while being compensated for her inability to work would be speculative, unlawful and unfair. Thus any evidence offered to this effect is irrelevant and inadmissible under Fed. R. Evid. 401 and 402. Accordingly, Defendant requests the Court enter an order barring Plaintiff or Plaintiff's counsel from raising any testimony or evidence involving matters subsequent to April 28, 2007.

Respectfully submitted,

MEMORIAL MEDICAL CENTER, Defendant

By:  s/ John A. Kauerauf
    John A. Kauerauf, Bar #:  6193413
    Lead Counsel/Attorney for Defendant
    Sorling, Northrup, Hanna,
      Cullen & Cochran, Ltd.
    Suite 800 Illinois Building
    P.O. Box 5131
    607 East Adams Street
    Springfield, IL  62705
    Telephone:  217/544 1144
    Fax:  217/522-3173
    E Mail:  jakauerauf@sorlinglaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by electronic service through the Court's ECF System to the following:

Mr. John A. Baker
Baker, Baker & Krajewski, L.L.C.
415 South Seventh Street
Springfield, IL 62701
E-Mail: johnbakerlaw@sbcglobal.net

and via First Class Mail, postage prepaid, to the following:

(none)

on the 15th day of January, 2010.

                                                  s/ John A. Kauerauf
                                         John A. Kauerauf, Bar #: 6193413
                                         Attorney for Defendant
                                         Sorling, Northrup, Hanna, Cullen & Cochran, Ltd.
                                         Suite 800 Illinois Building
                                         607 East Adams Street
                                         P.O. Box 5131
                                         Springfield, IL 62705
                                         Telephone: 217/544 1144
                                         Fax: 217/522-3173
                                         E Mail: jakauerauf@sorlinglaw.com